Argued and submitted November 8, 1991, reversed January 8, 1992

In the Matter of the Compensation of
Harold E. Silvernail, Claimant.

SAIF CORPORATION
and Coos County School District 54,
*Petitioners,*

*v.*

Harold E. SILVERNAIL,
*Respondent.*

(89-08697; CA A67650)

821 P2d 1132

David L. Runner, Assistant Attorney General, Salem, argued the cause for petitioners. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Lynne W. McNutt, Coos Bay, filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

PER CURIAM

## PER CURIAM

Employer seeks review of an order of the Workers' Compensation Board affirming and adopting the referee's decision that claimant had shown that his work was a "material contribution" to the increased symptoms of his preexisting back condition and, therefore, the condition is compensable as an occupational disease under ORS 656.802(1)(c). In *Aetna Casualty v. Aschbacher*, 107 Or App 494, 812 P2d 844, *rev den* 312 Or 150 (1991), we held that, to establish a compensable occupational disease under ORS 656.802(1)(c), a claimant must show that the work was the major contributing cause of the condition.

Although the Board erred in applying the wrong standard for compensability, it also found, in adopting the referee's order, that claimant had not established that work was the major contributing cause of his worsened condition. There is substantial evidence to support that finding. Claimant conceded in his brief to the Board that, if we were to rule as we subsequently did in *Aschbacher*, employer's denial should be reinstated.[1]

Reversed.

---

[1] In his brief to the Board, claimant stated:

"The referee found that Claimant's work was *not the major contributing cause* of the medically necessary cervical surgery. The referee found that Claimant's work *was a material contributing* cause of need for medical treatment and so was compensable.

"It seems to be admitted by all parties that there was substantial evidence to support the referee's findings.

"* * * * *

"If the *Aschbacher* case is affirmed on appeal, this case should be affirmed. If *Aschbacher* is reversed and the major contributing cause rule * * * is reinstated, then [the referee's] decision would be reversed."

Although claimant now argues that there is substantial evidence from which the Board could find on remand that the work was the major contributing cause of the worsed condition, there is substantial evidence to support the Board's alternate finding without claimant's concession.